FILED
LODGED
ENTERED
RECEIVED

SEP 28 2009      RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

# C09-1370 RSL

9 | KAREN TAVENNER, on behalf of herself and )    Case No. C09-
10 | all others similarly situated,                              )
    )
11 |                        Plaintiff,                  )    NOTICE OF REMOVAL
    )
12 |        v.                                          )    (King County Superior Court,
    )    No. 09-2-30644-3)
13 | THE TALON GROUP, A DIVISION OF FIRST )
14 | AMERICAN TITLE INSURANCE COMPANY, )
    )
15 |                        Defendant.              )
    )
16 |                                                          )    **09-CV-01370-CMP**
    )
17 | _____ )

18 |        Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendant The Talon Group, a

19 | division of First American Title Insurance Company, hereby removes to the United States

20 | District Court for the Western District of Washington the above-captioned lawsuit, originally

21 | filed as Case No. 09-2-30644-3 SEA in the Superior Court of Washington for King County.

22 |        Removal is proper on the following grounds:

23 |                              **Removal Is Timely**

24 |        1.      Plaintiff filed this action on August 18, 2009.

25 |        2.      Plaintiff first served defendant with a copy of the Complaint on August 28,

26 | 2009.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because The Talon

27

NOTICE OF REMOVAL (C09-_____) - 1
DWT 13381186v1 0085546-000002

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Group is filing the notice of removal within thirty days after completion of service.

### This Is a Proposed "Class Action"

3.      Plaintiff brings this case as a class action, Compl. ¶ 12, and seeks certification of a class under Washington Superior Court Civil Rule 23. *Id.* This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."

### Plaintiff Proposes a Class of More than 100 Persons

4.      In the Complaint, plaintiff asserts claims against defendant for breach of contract, breach of fiduciary duty and violation of Washington's Consumer Protection Act ("CPA") on behalf of herself and the following proposed class:

> all persons who, within the applicable statute of limitations, had an escrow transaction with Defendant, who obtained title insurance for such transaction from First American Title Insurance Company, who were charged fees by The Talon Group or First American Title Insurance Company not permitted by law or contract and/or who were informed or charged such fees in a deceptive matter.

Compl. 12.  Plaintiff alleges that "[t]he Class that plaintiff seeks to represent is composed of potentially thousands of individuals." *Id.* Defendant's records confirm that the proposed class would include far more than 100 persons. Treat Decl. ¶ 3. The number of persons in the proposed class therefore exceeds 100. 28 U.S.C. § 1332(d)(5)(B).

### The Amount in Controversy Exceeds $5,000,000

5.      "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter of controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). Where a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal" notice to

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

6.      Plaintiff seeks to recover against defendant with respect to two categories of alleged damage:

*(a)      First*, plaintiff alleges that The Talon Group unlawfully secured "title insurance from itself, through some other division, rather than seek such insurance at the lowest possible rate for Plaintiff and the Class." Compl. ¶ 9.  She therefore requests "[t]hat the Court enter a judgment in favor of Plaintiff and the Class against Defendant, directing equitable restitution of premiums for title insurance." *Id.* Prayer ¶ B.  The amount of premiums for title insurance collected from the proposed class members during the past six years, i.e., during the period of the "applicable statute of limitations" on plaintiff's breach of contract claim, substantially exceeds $5,000,000. Treat Decl. ¶ 4.

*(b)      Second*, plaintiff alleges that she and the proposed class "were charged fees by The Talon Group or First American Title Insurance Company not permitted by law or contract." Compl. ¶ 12.  In particular, plaintiff complains that she "was charged a wire/express/tax fee, a Consumer Debt Processing Fee, a Reconveyance Fee and a Mortgage recording fee, all of which were not permitted, or marked up, or not even incurred, or incurred in breach of Defendant's fiduciary duties." *Id.* ¶ 22.  She therefore requests "[t]hat the Court enter a judgment in favor of Plaintiff and the Class against Defendant, directing equitable restitution of . . . fees illegally collected." *Id.* Prayer ¶ B.  The amount of reconveyance and recording fees collected from the proposed class members during the past six years, i.e., during the period of the "applicable statute of limitations" on plaintiff's breach of contract claim, exceeds $4,000,000. Treat Decl. ¶ 4.  Although The Talon Group was unable to compile for inclusion in this notice the precise amount of the remaining fees at issue (such as the wire/ express/tax fee and the Consumer Debt Processing Fee), it estimates that the amount of those fees exceeds $1,000,000 over the past six years. *Id.*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

7.      Plaintiff alleges that The Talon Group acted as an escrow agent with respect to thousands of similarly situated individuals, and that Defendant systematically engaged in the complained-of conduct. Compl. ¶¶ 14, 15.  In addition to the damages above, plaintiff also seeks treble damages under the CPA.  Compl. ¶¶ 21-23 & Prayer ¶ B.  In determining the amount in controversy, the Court should include the amount of treble damages and attorney fees and costs plaintiff claims under RCW 19.86.090, aggregated on a class-wide basis. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Davenport v. Mut. Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963)).  If plaintiff and the proposed class were to prevail, their damages could be trebled without exceeding the $25,000 per claim limit of RCW 19.86.090.  Treat Decl. ¶ 6.  Over the past four years, i.e., within the period of the CPA statute of limitations prescribed under Chapter 19.86 RCW, defendant collected substantially more than $5,000,000 in title insurance premiums and more than $3,500,000 in reconveyance and recording fees from putative class members. *Id.*  Given that The Talon Group has charged putative class members title insurance premiums and complained-of fees exceeding $8,500,000 during the CPA statute of limitations period, and given that plaintiff seeks treble damages and attorneys' fees, plaintiff has placed far more than $5 million in controversy. *See* CR 101(a) (requiring explanation of "good faith belief" as to amount in controversy).

**Diversity Exists**

8.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."  The Talon Group does not have a separate corporate existence but is instead a division of First American, which is therefore the proper legal entity for determining diversity of citizenship.  First American is a corporation incorporated, organized, and existing under the laws of the State of California, with its principal place of business in Santa Ana, California. Treat Decl. ¶ 1.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

9.      Although plaintiff's Complaint does not allege plaintiff Karen Tavenner's residency, the escrow transaction at issue concerned her residence located in North Bend, Washington. Treat Decl. ¶ 7. Accordingly, diversity exists between at least one plaintiff and The Talon Group, satisfying the requirements of 28 U.S.C. § 1332(d)(2)(A).

### The Exceptions to Jurisdiction Do Not Apply

10.     The exceptions to jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3) and (4) do not apply because The Talon Group, a division of First American, is the only Defendant, and it is a California citizen.

### The Remaining Procedural Requirements Are Satisfied

11.     The United States District Court for the Western District of Washington is the federal judicial district embracing King County Superior Court, where the suit was originally filed. 28 U.S.C. § 128(b). Seattle is the proper division or location for the matter. CR 5(e)(1).

12.     True and correct copies of the Summons and Complaint served on Defendant are included as part of Exhibit A appended hereto as required by 28 U.S.C. § 1446(a). Exhibit A includes the complete record of all records and proceedings in the state court.

13.     Upon filing the Notice of Removal, The Talon Group will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, Defendant hereby removes this action from the Superior Court of Washington for King County.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    DATED this 28th day of September, 2008.

2                                   Davis Wright Tremaine LLP
                                    Attorneys for Defendant
3

4                           By:_____
                                    Stephen M. Rummage, WSBA #11168
5                                   Kenneth E. Payson, WSBA #26369
                                    Darcy W. Shearer, WSBA #38992
6                                   1201 Third Avenue, Suite 2200
                                    Seattle, WA 98101-3045
7                                   Telephone:    206-622-3150
                                    Fax:          206-757-7700
8                                   E-mail:  steverummage@dwt.com
                                             kenpayson@dwt.com
9                                            darcyshearer@dwt.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL (C09-_____) - 6
DWT 13381186v1 0085546-000002

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

### CERTIFICATE OF SERVICE

2     I hereby certify that on September 28, 2009, I caused a copy of the foregoing document

3     to be served on plaintiffs' counsel as follows:

4

5          Rob Williamson
           Williamson & Williams
           187 Parfitt Way SW, Ste. 250
6          Bainbridge Island, WA  98110
           roblin@williamslaw.com

7
                    ***Via U.S. Mail and E-Mail***
8
           Guy W. Beckett
9          Berry & Beckett, PLLP
           1708 Bellevue Ave.
10         Seattle, WA  98122
           gbeckett@beckettlaw.com

11
                    ***Messenger***
12

13     DATED this 28th day of September, 2009.

14
                                        *Elaine R. Huckabee*
15                                      Elaine Huckabee

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL (C09-_____) - 7
DWT 13381186v1 0085546-000002

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# EXHIBIT A

FILED

09 AUG 18 PM 3:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-30644-3 SEA

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| KAREN TAVENNER, on behalf of herself and others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>          Defendant. | No.<br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTIES, BREACH OF CONRACT, VIOLATION OF THE CONSUMER PROTECTION ACT, STATUTORY PENALTIES AND INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**CLASS ACTION PURSUANT TO CR 23(b)(2) OR CR 23(b)(3)** |

## I. INTRODUCTION

1.  Plaintiff, on behalf of herself and the Class of all those similarly situated, brings this action for breach of contract, violation of fiduciary duties and the Consumer Protection Act (RCW 19.86), statutory penalties and injunctive and declaratory relief under Washington State law against the Defendant, and in support thereof states the following upon information and belief:

## II. JURISDICTION AND VENUE

2.  Defendant transacts business within the State of Washington and at all times relevant hereto, had and has continuous, systematic contacts in and with Washington.

3.  Defendant does business in King County, Washington, and some of the acts and transactions that are alleged took place in King County.

4.  This Court has jurisdiction over the parties and the subject matter of this lawsuit.

COMPLAINT - 1

**WILLIAMSON & WILLIAMS**
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

5.     Venue is proper in King County Superior Court.

6.     Neither the Plaintiff nor any other Class member seeks damages in excess of $75,000, exclusive of interest and costs. No claim is made arising under any laws of the United States.

### III. FACTUAL ALLEGATIONS

7.     Defendant THE TALON GROUP is a division of FIRST AMERICAN TITLE INSURANCE COMPANY.

8.     Plaintiff and similar Class members either sought to sell their homes or obtain new financing on their homes, and as part of the transaction Defendant was their escrow agent.

9.     As part of the transaction to sell or refinance, Defendant secured title insurance for Plaintiff and Class Members. Defendant secured this title insurance from itself, through some other division, rather than seek such insurance at the lowest possible rate for Plaintiff and the Class; Defendant never searched for other less expensive title insurance for Plaintiff and other Class Members. In so doing, Defendant engaged in self-dealing and did not act in the interests of Plaintiff and Class Members as it was required to do. Further, Defendant did not inform Plaintiff and Class Members that it had obtained title insurance from itself without seeking lower priced insurance for them.

10.     Defendant served as the closing agent for the transactions involving Plaintiff and Class Members, and as part of that responsibility prepared Settlement Statements (HUD-1s) in which it listed charges (expenses) to Plaintiff and Class Members and affirmed on each such Settlement Statement that it was "a true and accurate account of this transaction [and that it had] caused or will cause the funds to be distributed in accordance with this statement."

11.     Notwithstanding the foregoing, Defendant charged Plaintiff for services or costs that either were not incurred, should not have been incurred, or were marked up, all without so informing Plaintiff and the Class. Such practices violated the fiduciary duties owed by Defendant to Plaintiff and the Class, violated the Consumer Protection Act (RCW 19.86), and

COMPLAINT - 2

breached the contracts between Defendant and Plaintiff and Class Members with respect to

services Defendant was to perform.

#### IV. <u>CLASS ALLEGATIONS</u>

12.     Plaintiff seeks to represent a Class consisting of all persons who, within the

applicable statute of limitations, had an escrow transaction with Defendant, who obtained title

insurance for such transaction from First American Title Insurance Company, who were

charged fees by The Talon Group or First American Title Insurance Company not permitted by

law or contract and/or who were informed or charged such fees in a deceptive manner.

Plaintiff brings this action on behalf of herself and all other persons similarly situated pursuant

to Superior Court Civil Rule 23(b)(2) or, alternatively 23(b)(3).  The Class that plaintiff seeks

to represent is composed of potentially thousands of individuals.

14.     Plaintiff's claims alleging violations of fiduciary duty, breach of contract and the

Consumer Protection Act, RCW 19.86, are typical of the claims of the Class since Plaintiff and

all Class Members sustained damages arising out of Defendant's wrongful conduct in violation

of law, as stated in this Complaint.

15.     There are common questions of law and fact affecting the Class with respect to

the application of the Consumer Protection Act of Washington and the claims for breach of

contract and fiduciary duty and determination of restitution and damages because of

Defendant's conduct.  These common questions predominate over any questions affecting only

the individual members of the Class.

16.     The interests of the Class are adequately represented by Plaintiff and her counsel.

Plaintiff has retained counsel competent and experienced in class and consumer litigation.

17.     Plaintiff will fairly and adequately protect the interests of the Class and has

claims typical of the claims of all Class members.  Plaintiff does not have interests that are

antagonistic to or in conflict with those of the Class Members that she seeks to represent.

COMPLAINT - 3



WILLIAMSON
& WILLIAMS

187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

18.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impractical.

19.     This action seeks to enjoin and declare unlawful the practices at issue and provide for equitable restitution of fees illegally collected and incidental damages.

20.     This action is also maintainable as a class action because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Specifically, all four of the criteria set forth in CR 23(b)(3) have been satisfied in this case.  First, the members of the Class have little, if any, interest in individually controlling the prosecution of separate actions.  Second, plaintiff's' counsel is not aware of any other litigation concerning the controversy already commenced by members of the Class.  Third, it is desirable to concentrate the litigation of these claims in this forum given the judicial resources already expended in this matter and the relationship of Defendant to the state of Washington.  Fourth, few difficulties will likely be encountered in the management of the class action.

## V. CLAIM FOR RELIEF – VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86

21.     Defendant's practices as alleged herein constitute unfair and deceptive acts and practices, which are unlawful and are in violation of the Consumer Protection Act of Washington, RCW 19.86.

22.     Plaintiff and Class members were misled regarding the propriety of various charges assessed against them by Defendant.  As a typical example, on August 22, 2005 plaintiff was charged a wire/express/tax fee, a Consumer Debt Processing Fee, a Reconveyance Fee and a Mortgage recording fee, all of which were not permitted, or marked up, or not even incurred, or incurred in breach of Defendant's fiduciary duties.  Defendant's practice of requiring the payment of such charges has the capacity to deceive reasonable consumers and deprive them of meaningful information and to deceive them as to whether the charges in

COMPLAINT - 4

WILLIAMSON & WILLIAMS

187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

question were in fact owed by them.  Therefore, this practice is unfair and deceptive under the Consumer Protection Act of Washington, RCW 19.86.

23.    Pursuant to RCW 19.86.090, Plaintiff seeks an injunction against Defendant to enjoin further violations of the practices alleged herein together with equitable restitution, incidental damages, costs of suit and reasonable attorneys' fees.  Plaintiff and the Class also seek an award of exemplary damages in an amount not to exceed three times the amount of the restitution paid.

### VI. CLAIM FOR RELIEF—BREACH OF FIDCUCIARY DUTY

24.    As an escrow agent, Defendant owed fiduciary duties to Plaintiff and Class Members.

25.    Defendant breached its fiduciary duty to Plaintiff and the Class by failing to seek to obtain and by failing to obtain title insurance for Plaintiff and Class Members at competitive and/or less expensive rates, paying itself charges not allowed by law or contract, marking up fees illegally, and representing falsely it was entitled to such fees.

### VII. CLAIM FOR RELIEF—BREACH OF CONTRACT

26.    Defendant was a party to contracts between itself and  Plaintiff and Class Members.

27.    Defendant breached its contractual duties to Plaintiff and the Class by failing to seek to obtain and by failing to obtain title insurance for Plaintiff and Class Members at competitive and/or less expensive rates, paying itself charges not allowed by law or contract, marking up fees illegally, and representing falsely it was entitled to such fees.

///
///
///
///
///

COMPLAINT - 5

WILLIAMSON & WILLIAMS | 182 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

### VIII.  CLAIM FOR RELIEF--DECLARATORY RELIEF UNDER THE WASHINGTON DECLARATORY JUDGMENT ACT (RCW 7.24.010)

28.      Defendant's practice of obtaining title insurance from itself and paying itself fees not permitted by contract or law, without notice to Plaintiff and the Class Members,  is illegal.

29.      Plaintiff and the Class are entitled to have their rights, status and legal relations with Defendant determined in connection with charging said fees and purchasing such title insurance by means of a declaratory judgment that such practices are illegal; breached the Plaintiff's and Class Member's contracts; constituted breaches of Defendant's fiduciary duties; and violated Washington's Consumer Protection Act.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests relief as follows:

A.      That the Court certify the Class pursuant to Civil Rule 23(b)(2) or 23(b)(3) with Plaintiff as the Class Representative and undersigned counsel as Class Counsel for the Class;

B.      That the Court enter a judgment in favor of Plaintiff and the Class against Defendant, directing equitable restitution of premiums for title insurance and fees illegally collected and awarding damages, including exemplary damages pursuant to RCW 19.86.090.

C.      That the Court enter an injunction and/or declaratory relief permanently forbidding Defendant from committing the practices alleged herein in the future or declaring the same unlawful, and award incidental damages;

D.      That the Court award Plaintiff and the Class their costs, including reasonable attorneys' fees pursuant to RCW 19.86.090;

E.      A declaration that Defendant has violated the law in conjunction with the escrow transactions with Plaintiff and the Class or otherwise violated their legal rights as alleged herein; and

COMPLAINT - 6



WILLIAMSON & WILLIAMS | 187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

1

2       F.      That the Court award such other and further relief that the Court deems just and

3   equitable.

4       DATED:   August ___18, 2009

5                                       WILLIAMSON & WILLIAMS

6

7                                       By:_____

8                                           Rob Williamson, WSBA #11387

9                                       BERRY & BECKETT, PLLP
                                        Guy W. Beckett, WSBA # 14939
10
                                        1708 Bellevue Ave.
11                                      Seattle, WA  98122
                                        Tel:     206.441.5444
12                                      Fax:     206.838.6346

13

14                                      **Co-Counsel for Plaintiff**

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 7


WILLIAMSON & WILLIAMS   187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

9
10

KAREN TAVENNER on behalf of herself
and others similarly situated,

11                           Plaintiff,          No.

12            v.                                  **SUMMONS**

13  THE TALON GROUP, A DIVISION OF
    FIRST AMERICAN TITLE INSURANCE
14  COMPANY,

15
16                           Defendant.

17

TO:    THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE
18            COMPANY, Defendant

19            A lawsuit has been started against you in the above-entitled Court by the Plaintiff.

20  Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with

21  this Summons.

22
23            In order to defend against the lawsuit, you must respond to the Complaint by stating

24  your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within

25  twenty (20) days after the service of this Summons, or within sixty (60) days if this Summons

26  was served outside the State of Washington, excluding the day of service, or a default judgment

SUMMONS -1



**WILLIAMSON & WILLIAMS**   187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

may be entered against you without notice.  A default judgment is one where the Plaintiff is

entitled to what has been asked for because you have not responded.  If you serve a notice of

appearance on the undersigned attorney, you are entitled to notice before a default judgment

may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly

so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

State of Washington.

DATED this ____18____ day of August, 2009.

WILLIAMSON & WILLIAMS

By: _____

Rob Williamson, WSBA #11387

BERRY & BECKETT, PLLP
Guy W. Beckett, WSBA #14939
1708 Bellevue Ave.
Seattle, WA 98122
Tel.: (206) 441-5444
Fax: (206) 838-6346

**Co-Counsel for Plaintiff**

SUMMONS -2



WILLIAMSON
& WILLIAMS

187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamlaw.com

**FILED**

09 AUG 18 PM 3:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-30644-3 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Karen Tavenner | NO.  09-2-30644-3     SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| vs                                    Plaintiff(s) | |
| The Talon Group, A Division of First American Title Insurance Company | ASSIGNED JUDGE  Cahan                    10 |
| | FILE DATE:                              08/18/2009 |
| Defendant(s) | **TRIAL DATE:                      02/07/2011** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Print Name | Sign Name |

Order Setting Civil Case Schedule (*ORSCS)                                        REV. 12/08    1

### I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  08/18/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Tue  01/26/2010 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue  01/26/2010 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue  02/09/2010 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Tue  09/07/2010 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon  10/18/2010 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon  11/01/2010 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon  11/01/2010 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon  12/20/2010 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon  01/10/2011 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Tue  01/18/2011 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Tue  01/18/2011 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon  01/24/2011 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon  01/31/2011 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon  01/31/2011 | * |
| Trial Date [See KCLCR 40]. | Mon  02/07/2011 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**DATED:**   08/18/2009

**PRESIDING JUDGE**

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment.  Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.**  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

FILED

09 AUG 18 PM 3:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-30644-3 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Karen Tavenner | NO. 09-2-30644-3 SEA |
| VS | |
| The Talon Group, A Division of First Am | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

## CAUSE OF ACTION

**(COM) -**    CONTRACT/COMMERCIAL

## AREA DESIGNATION

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.



FILED

09 SEP -1  AM 9: 43

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

1
2
3
4
5
6
7

### SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

8

| | |
|---|---|
| KAREN TAVENNER ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED<br>        Plaintiff/Petitioner | Cause #:   09-2-30644-3 SEA |
| | Declaration of Service of: |
| vs.<br>THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE COMPANY<br>        Defendant/Respondent | SUMMONS AND COMPLAINT FOR BREACH OF FIDUCIARY DUTIES, BREACH OF CONTRACT, VIOLATION OF THE CONSUMER PROTECTION ACT, STATUTORY PENALTIES AND INJUNCTIVE AND DECLARATORY RELIEF; ORDER SETTING CIVIL CASE SCHEDULE |
| | Hearing Date: |

9
10
11
12
13
14

15  Declaration:

16  The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

17

18  On the date and time of Aug 28 2009  1:10PM at the address of 11400 SE 8TH ST STE. 250 BELLEVUE, within the County of KING, State of WASHINGTON, the declarant duly served the above described documents upon THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE COMPANY  by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with LESLEY HASKINS OFFICE MANAGER, AS DIRECTED.

19
20  No information was provided that indicates that the subjects served are members of the U.S. military.

21
22  I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

23  Dated: August 31, 2009 at Seattle, WA

24
25  by _____
            T. Hermansen    0561574                          Service Fee Total: $ 121.02

26
27
28



ABC Legal Services, Inc.
206 521-9000
Tracking #: 8073696

**ORIGINAL**
**PROOF OF SERVICE**

Page 1 of 1

09026
Williamson & Williams
187 Parfitt Way, #250
Bainbridge Island, WA  98110
206 780-4447

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

KAREN TAVENNER on behalf of herself
and others similarly situated,

                Plaintiff,

    v.

THE TALON GROUP, A DIVISION OF
FIRST AMERICAN TITLE INSURANCE
COMPANY,

                Defendant.

No.  09-2-30644-3 SEA

SUMMONS

TO:    THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE
        COMPANY, Defendant

    A lawsuit has been started against you in the above-entitled Court by the Plaintiff.

Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with

this Summons.

    In order to defend against the lawsuit, you must respond to the Complaint by stating

your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within

twenty (20) days after the service of this Summons, or within sixty (60) days if this Summons

was served outside the State of Washington, excluding the day of service, or a default judgment

SUMMONS -1



FILED

09 SEP 11 AM 9:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-30644-3 SEA

1  The Honorable Regina Cahan

2

3

4

5

6

7

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## KING COUNTY

8  KAREN TAVENNER, on behalf of herself and  )
others similarly situated,                  )
9                                            )  No. 09-2-30644-3 SEA
                    Plaintiff,              )
10                                           )  NOTICE OF APPEARANCE
        v.                                   )
11                                           )  *Clerk's Action Required*
THE TALON GROUP, a division of First         )
12  American Title Insurance Company,        )
                                             )
13                  Defendant.               )

14  TO:        CLERK OF THE COURT

15  AND TO:    The Plaintiff Above Named

16  AND TO:    Counsel of Record

17      YOU AND EACH OF YOU will please take NOTICE that Defendant The Talon Group

18  hereby appears in the above-entitled action and requests that all further papers and pleadings,

19  except original process, be served upon the undersigned attorneys at the address below stated.

20      DATED this 11th day of September, 2009.

21                              Davis Wright Tremaine LLP
                                *Attorneys for Defendant The Talon Group*
22

23  By *s/ Stephen M. Rummage*
                                Stephen M. Rummage, WSBA #11168
24                              Darcy W. Shearer, WSBA #38992
                                1201 Third Avenue, Suite 2200
25                              Seattle, Washington  98101-3045
                                Telephone: (206) 622-3150
26                              Fax: (206) 757-7700
                                E-mail:  steverummage@dwt.com
27                              E-mail:  darcyshearer@dwt.com

NOTICE OF APPEARANCE - 1
DWT 13328569v1 0017352-000001

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I caused the foregoing *Notice of Appearance* to be electronically filed with the Clerk of the Court using the King County E-Filing system and served a true and correct copy on plaintiff's counsel by sending the same via e-mail and United States first-class mail, postage prepaid, addressed as follows:

Rob Williamson
WILLIAMSON & WILLIAMS
187 Parfitt Way SW, Suite 250
Bainbridge Island, WA  98110-2593

E-mail:  roblin@williamslaw.com

Guy W. Beckett
BERRY & BECKETT, PLLP
1708 Bellevue Avenue
Seattle, WA  98122-2017

E-mail:  gbeckett@beckettlaw.com

DATED this 11th day of September, 2009.

Davis Wright Tremaine LLP
*Attorneys for Defendant The Talon Group*

By s/ Stephen M. Rummage
Stephen M. Rummage, WSBA #11168
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail:  steverummage@dwt.com

NOTICE OF APPEARANCE - 2
DWT 13328569v1 0017352-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700