UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
KAREN TAVENNER, on behalf of herself          )   No. C09-1370RSL
and all others similarly situated,            )
                                              )
                        Plaintiff,            )
        v.                                    )
                                              )   ORDER DENYING DEFENDANT'S
THE TALON GROUP,                              )   MOTION FOR SUMMARY
                                              )   JUDGMENT REGARDING
                        Defendant.            )   FIDUCIARY DUTY CLAIMS
_____)

This matter comes before the Court on "The Talon Group's Motion for Summary Judgment on Plaintiff's Breach of Fiduciary Duty Claims." Dkt. # 90. Plaintiff alleges that defendant improperly charged fees in connection with the closing of a loan in which defendant acted as the escrow agent, in violation of its fiduciary duties. Plaintiff alleges that defendant misrepresented the cost of third-party services charged to her account (recording fees and wire/express fees) and/or failed to provide services for which it charged plaintiff (reconveyance fees). Defendant argues that the breach of fiduciary duty claims are barred by the three year statute of limitation and that the wire/express fee and reconveyance fee claims fail as a matter of law.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
FIDUCIARY DUTY CLAIMS

preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

**A. Statute of Limitations**

Defendant argues that plaintiff knew or should have known at the time her loan closed that the recording, wire/express, and reconveyance fees it charged were inflated or fabricated. "One who has notice of facts sufficient to put him upon inquiry is deemed to have notice of all acts which reasonable inquiry would disclose." Green v. Am. Pharm. Co., 136

---

[1] Having reviewed the papers submitted by the parties, the Court finds that this matter can be decided without oral argument.

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
FIDUCIARY DUTY CLAIMS                -2-

1  Wn.2d 87, 96 (1998) (quoting Hawkes v. Hoffman, 56 Wash. 120, 126 (1909)).  The obligation
2  to inquire does not, as defendant would have it, arise as a matter of course in every business deal
3  or facet of life.  Rather, something must happen "to excite attention and put a person on guard"
4  before an obligation of due diligence will arise.  Am. Sur. Co. of N.Y. v. Sundberg, 58 Wn.2d
5  337, 344 (1961); August v. U.S. Bancorp, 146 Wn. App. 328, 345-46 (2008).  There is no
6  evidence that plaintiff was actually aware that the charges she paid at closing were overstated.
7  The issue, then, is whether reasonable diligence would have made her aware of that fact.  "In
8  order to sustain its burden as the moving party in the motion for summary judgment, [defendant
9  has] to show there is no issue of material fact with regard to what [plaintiff] should have
10 known."  Green, 136 Wn.2d at 99.  See also Wallace v. Lewis County, 134 Wn. App. 1, 13
11 (2006) ("Whether the plaintiff has exercised due diligence under the discovery rule is a question
12 of fact, which is the defendant's burden to prove.").

13         Defendant argues that plaintiff knew of the type and amount of fees charged at
14 closing and that, had she initiated an investigation shortly thereafter, she would have been able
15 to discover that defendant had profited from the recording, wire/express, and reconveyance fees.
16 Defendant does not, however, show that plaintiff would have had any reason to suspect that her
17 escrow agent (or escrow agents in general) had padded their profits by overcharging for itemized
18 expenses.  Nothing in the course of dealing between the parties was unusual or excited concern.
19 Defendant clearly identified a specific fee for its escrow services and the circumstances under
20 which additional fees might apply.  There is nothing in the pre-closing record that suggests that
21 other line-item charges provided additional profit streams or that such a possibility needed to be
22 explored.  In fact, defendant affirmatively represented that it would charge out-of-pocket
23 expenses and that estimated amounts would be adjusted at closing so that they represented actual
24 costs.  Dkt. # 11, Exs. A, B, and E.  Certain adjustments were, in fact, made.  Dkt. # 11, Ex. F.
25 Absent some reason to doubt defendant's representations and calculations, there is at least an

26 ORDER DENYING DEFENDANT'S MOTION
   FOR SUMMARY JUDGMENT REGARDING
   FIDUCIARY DUTY CLAIMS                    -3-

issue of fact as to whether plaintiff should have taken it upon herself to double-check defendant's claimed expenses and make sure it was not lying to her.[2]

In addition, defendant has not provided any evidence that plaintiff could have discovered the misstatements regarding the wire/express and reconveyance fees if she had initiated an investigation immediately upon closing. Plaintiff's loan closed in August 2005, approximately three years before the practices of the mortgage industry came under scrutiny. The fact that plaintiff's friends and the internet were able to provide relevant information regarding wire/express and reconveyance fees late in 2008 tells us nothing regarding the state of public knowledge in the summer of 2005. Given the timeline associated with the current mortgage crisis, it is pure speculation to assert that an internet search at the time of closing would have revealed questionable mortgage industry practices, much less the overstatement of fees charged by defendant.

Because there are genuine issues regarding what plaintiff should have known as of August 2006 regarding the accuracy and validity of the charges she paid at closing, defendant's motion for summary judgment based on the statute of limitations is DENIED.

**B. Breach of Fiduciary Duty**

Defendant argues that plaintiff's fiduciary duty claim regarding the wire/express and reconveyance fees fails as a matter of law because an escrow agent is required to comply

---

[2] Although not expressly argued, defendant has not shown that plaintiff had constructive knowledge of the information she needed to assert her fiduciary duty claims. Although a litigant may, in some circumstances, be deemed to know of the documents and facts recorded in the county property records department, the schedule of recording fees charged by the department is not itself recorded. In addition, the "imputation of constructive notice from a recorded document is appropriate only if ordinary prudence and business judgment required examination of the record." Douglass v. Stanger, 101 Wn. App. 243, 255 (2000) (internal quotation marks and ellipses omitted). For the reasons discussed in the text, a reasonable jury could conclude that ordinary prudence and business judgment would not have indicated a need to examine the property records in the circumstances presented here.

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
FIDUCIARY DUTY CLAIMS -4-

only with its escrow instructions and is not subject to any larger, more general fiduciary obligations. The Court has already considered this argument and found that:

> The question is not, as defendant would have it, whether the Escrow Instructions specifically precluded defendant from . . . secretly charging [plaintiff] more for third-party services than defendant actually paid:  the general rule barring a fiduciary from self-dealing addresses those issues. Absent explicit instructions . . . allowing defendant to mark-up costs, plaintiff had the right to expect that her fiduciary would carry out the Escrow Instructions with the highest regard for her interests and would refrain from placing itself in a position of conflict with the parties to the escrow. . . . Plaintiff's allegations regarding charges for services not provided and/or the inflation of out-of-pocket costs . . . state a claim for which relief can be granted.

Dkt. # 34 at 8-9. Defendant did not seek reconsideration of the Court's order. It argues that it should be permitted to raise the issue again because this is a summary judgment motion rather than a motion to dismiss. Defendant's renewed argument is, however, based entirely on the law: defendant has not offered any evidence that bears on the validity of plaintiff's fiduciary duty claim and simply reiterates its contention that an escrow agent owes no duties beyond those specifically stated in the escrow instructions. In these circumstances, defendant's motion is an untimely request for reconsideration.

Even if this argument were considered on its merits, summary judgment is not appropriate. Defendant's reliance on the escrow instructions is misplaced for two reasons. First, under Washington law, an escrow agent's duties are not merely those set forth in its instructions. As both Nat'l Bank of Wash. v. Equity Investors, 81 Wn. 2d 886, 910 (1973), and Denaxas v. Sandstone Court of Bellevue, LLC, 148 Wn.2d 654, 663 (2003), recognize, an escrow agent must not only act strictly in accordance with the escrow agreement, but also must "conduct the affairs with which he is entrusted with scrupulous honesty, skill, and diligence." The two requirements are not the same. One involves contractual undertakings while the other arises

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
FIDUCIARY DUTY CLAIMS                  -5-

from the fiduciary nature of the relationship – exactly those "generic fiduciary obligations" defendant seeks to disavow. While the Court will not impose substantive duties on an escrow agent that are not specified in its instructions, it will require that the agent carry out the specified duties with scrupulous honesty and without self-dealing.

Second, plaintiff has produced evidence from which one could conclude that defendant failed to comply with the duties set out in the escrow instructions. Pursuant to the instructions, defendant accepted a fee for serving as the closing agent and was authorized to (a) pass third-party costs on to plaintiff and (b) charge a separate fee for post-closing reconveyance tracking services. Defendant was contractually bound to adjust any amounts shown on the settlement statement if the estimate varied from the actual expenditure: "the final amount of each estimated item will be adjusted to the exact amount required to be paid at the time of the disbursement." Dkt. # 11, Ex. A at 1. Instead, defendant acknowledges that it has no idea how much it spent on wire/express fees associated with plaintiff's closing and is unable to support the amount charged. It also charged a $115 fee for reconveyance services. This fee was not authorized by the escrow instructions, and the services mentioned were not performed or paid for by defendant.[3] Thus, plaintiff has raised genuine issues of fact regarding defendant's strict compliance with the specific duties set forth in the escrow agreement and whether defendant conducted its affairs with the scrupulous honesty required of a fiduciary.

---

[3] An escrow agent becomes liable to its principals if it "exceed[s] the authority conferred on him by the instructions." Nat'l Bank of Wash., 81 Wn.2d at 910. The fact that defendant was authorized to charge a fee for monitoring the property records after closing to ensure that reconveyance occurred did not justify the imposition of a fee for the reconveyance itself. Defendant argues that plaintiff must have or should have known that the line entry for "reconveyance fee" was really the "reconveyance tracking fee" discussed in the escrow instructions. There is no evidence to support this assertion. Defendant generated the closing documents and specified the services or charges for which reimbursement was sought. The Court will not assume that plaintiff understood what defendant was trying to, but did not, state. Defendant has not shown that doctrines such as mutual mistake or reformation apply.

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
FIDUCIARY DUTY CLAIMS                -6-

For all of the foregoing reasons, defendant's motion for summary judgment is DENIED.

Dated this 26th day of March, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
FIDUCIARY DUTY CLAIMS         -7-