UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
KAREN TAVENNER, on behalf of herself    )    No. C09-1370RSL
and all others similarly situated,      )
                                        )
                Plaintiff,              )
        v.                              )
                                        )    ORDER GRANTING MOTION
THE TALON GROUP,                        )    FOR CLASS CERTIFICATION
                                        )
                Defendant.              )
_____)

This matter comes before the Court on "Plaintiff's Motion for Certification of Class." Dkt. # 59. Plaintiff alleges that she and others similarly situated were charged false or inflated fees by defendant The Talon Group in connection with loan transactions occurring after August 18, 2003. Plaintiff has moved to certify three separate classes, one for each type of overcharge alleged. Each proposed class asserts claims of breach of contract, breach of fiduciary duty, and violations of the Washington Consumer Protection Act related to the allegedly improper charges.

In its opposition to the class certification motion, defendant argues that plaintiff is not typical of the proposed classes because her breach of fiduciary duty claim is barred by the applicable three-year statute of limitation. Because the viability of plaintiff's fiduciary duty claims is important to the class certification analysis, the Court deferred ruling on class certification to allow defendant an opportunity to file a motion on that issue. Having now

ORDER GRANTING MOTION
FOR CLASS CERTIFICATION

determined that plaintiff's fiduciary duty claim is not time-barred and survives summary judgment, the Court will proceed with the class certification analysis.[1]

## PREREQUISITES OF A CLASS

Plaintiff seeks class certification under Fed. R. Civ. P. 23. Pursuant to Rule 23(a), members of a class may sue or be sued as representative parties if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23(a) have been satisfied. See General Telephone Co. v. Falcon, 457 U.S. 147, 161 (1982); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). The touchstones of the analysis are whether the named plaintiff is an appropriate representative of the absent class members whose claims she seeks to litigate and whether the claims of the disparate class members can be productively litigated in a single action. Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2550-51 (2011).

Defendant apparently agrees that the proposed classes are numerous. It challenges plaintiff's assertions regarding commonality, typicality, and adequacy of representation, however, and raises some additional concerns regarding management of a class action and the descriptions of the three classes.

---

[1] The Court finds that this matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED. The Court has not considered ¶¶ 2-5, 7-15 of the Declaration of Kim Williams and Rob Williamson (Dkt. # 60) except to the extent that they introduce exhibits.

ORDER GRANTING MOTION
FOR CLASS CERTIFICATION                    -2-

**Fed. R. Civ. P. 23(a)(2):  Commonality**

Pursuant to Rule 23(a)(2), there must be questions of law and/or fact common to the proposed class in order to justify certification.  Although not all of the triable questions need be common, there must be some question that can be resolved on a classwide basis and will generate an answer that is central to the validity of each plaintiff's claims.  Dukes, 131 S. Ct. at 2551 (citations omitted).  As long as there are substantial questions which, if tried separately, would have to be answered as to each potential class member, this element is satisfied.  See Walters v. Reno, 145 F.3d 1032, 1045-46 (9th Cir. 1998).

The Court finds that there are common questions of both law and fact in this matter, the answers to which will impact each class members' claims.  These questions include:

a) Whether defendant charged a flat rate for wire/express fees rather than the actual costs of those services.

b) Whether charging a flat rate for wire/express fees breached defendants' contracts, breached defendant's fiduciary duties, and/or violated the Washington Consumer Protection Act ("CPA").

c) Whether defendant failed to keep records supporting its claimed third-party expenses.

d) Whether the failure to keep records of third-party expenses breached defendant's fiduciary duties.

e) Whether charging an estimated recording fee rather than the actual cost of recording breached defendants' contracts, breached defendant's fiduciary duties, and/or violated the CPA.

f) Whether charging a fee for a "reconveyance" service that defendant neither performed nor paid for breached defendants' contracts, breached defendant's fiduciary duties, and/or violated the CPA.

      g) Whether charging $115 for a "reconveyance tracking" service before the lender was statutorily required to complete the reconveyance breached defendants' contracts, breached defendant's fiduciary duties, and/or violated the Washington Consumer Protection Act ("CPA").[2]

      h) Whether the voluntary payment doctrine bars claims arising from payment of an amount clearly stated on the HUD-1.

      I) Determining the appropriate remedy for any classwide breaches or violations proven in this action.

      j) Whether class members, all of whom have already closed on their loans, have standing to pursue injunctive relief.

**Fed. R. Civ. P. 23(a)(3) and (4):  Typicality and Adequacy of Representation**

Defendant argued that Ms. Tavenner's claims were not typical of the class and that she could not adequately represent the class' interests because her individual breach of fiduciary duty claim is barred by the statute of limitations. When given the opportunity, however, defendant was unable to show that the limitations period expired before August 18, 2009, the day on which Ms. Tavenner filed suit. The Court therefore finds that the named plaintiff's claims are "reasonably co-extensive with those of the absent class members" (Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998), and that she will adequately represent their interests.

Plaintiff has satisfied the requirements of Rule 23(a) with regards to the three proposed classes. The Court must therefore consider whether the proposed classes satisfy at least one of the requirements of Rule 23(b).

---

[2] During the course of this litigation, plaintiff has asserted two types of claims regarding the reconveyance fee. The Court assumes for purposes of this motion that plaintiff will pursue both claims.

ORDER GRANTING MOTION
FOR CLASS CERTIFICATION              -4-

## MAINTENANCE OF A CLASS

Plaintiffs argue that the provisions of Rule 23(b)(3) apply, pursuant to which the Court is required to find:

> that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to the findings include:
>
> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

The purpose of this part of the rule is to identify those actions in which class certification "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." 1966 Advisory Committee Notes. Rule 23(b)(3) requires a district court to formulate "some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate." In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d 6, 20 (1st Cir. 2008) (quoted approvingly in Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 593 (9th Cir. 2010), rev'd on other grounds, 131 S. Ct. 2541 (2011)).

### (1) Common vs. Individual Issues

If the named plaintiff is able to establish defendant's liability under a breach of contract, breach of fiduciary duty, and/or CPA theory, the facts and evidence presented will also establish defendant's liability to the absent class members.[3] Defendant has not conceded

---

[3] This statement may not apply to the breach of contract and CPA claims related to the wire/express fee because plaintiff has defined her class to include individuals who have not suffered

liability on any of plaintiff's claims, and the benefits of resolving the common questions identified above in a single proceeding are obvious.

Defendant argues, however, that each class member will have to prove causation and/or damages on an individualized basis. The fact that certain individualized issues may ultimately have to be addressed does not necessarily defeat class certification, however. See 1966 Advisory Committee Notes ("[A] fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class."). In the circumstances presented here, proving damages under a CPA or contract theory would not be particularly onerous. Any overcharges can be calculated by reviewing defendant's escrow files and public records and will not require individualized testimony or other time-consuming inquiries. The ability to resolve liability issues on behalf of the entire class is a significant benefit that is not outweighed by the potential need for individualized calculations of damages.

More importantly, if plaintiff is able to establish that charging unsupported or overstated fees and/or charging for services that were not actually provided breached defendant's fiduciary duties, individualized proof of causation and damages may not be necessary at all. A fiduciary who self-deals may be required to disgorge all ill-gotten gains and/or any additional sums paid as compensation for his services. Kane v. Klos, 50 Wn.2d 778, 789 (1957). If, in answer to one of the common questions identified above, the Court chooses disgorgement as the appropriate remedy, the damage calculations will require little more than review of the final HUD-1 statements. In such circumstances, the common issues would far outweigh the importance of and potential time devoted to individual damage issues.

---

actual damages. Proof of the named plaintiff's breach of fiduciary duty claim regarding the wire/express fees would, however, establish defendant's liability to the entire class.

ORDER GRANTING MOTION
FOR CLASS CERTIFICATION            -6-

Defendant also argues that the applicability of the voluntary payment doctrine will have to be determined on a claimant-by-claimant basis. Defendant identifies a number of individualized facts which could theoretically bear on this issue, such as whether a particular borrower questioned defendant regarding the amounts charged or whether he or she paid the fees under protest. Based on the existing record, there is no reason to assume that such facts are likely to arise. The more reasonable assumption is that the applicability of the voluntary payment doctrine can be determined on a classwide basis based on the common dynamics of real estate closings. Defendant will, of course, be permitted to present any evidence it may have showing that one or more class members had full knowledge of the facts on which the class claims are based and nevertheless paid the recording, wire/express, and reconveyance fees. In the absence of evidence that this defense is likely to meet with success, much less any indication that a significant portion of the class will be impacted by the voluntary payment doctrine, the theoretical possibility of individual issues is not enough to outweigh the benefits of common resolution of classwide issues.

### 2. Superiority of Class Action

The superiority prong of Rule 23(b)(3) requires the Court to consider whether "another method of handling the litigious situation may be available which has greater practical advantages" than does class certification. 1966 Advisory Committee Notes. As alleged by plaintiff, defendant breached contracts, fiduciary duties, and the CPA by charging overstated or fabricated amounts in thousands of closings. The amounts at issue vary by class member, but they are no more than a few hundred dollars in total. Even if the Court were to grant disgorgement of all compensation as a remedy for the alleged breaches, each class member's claim would likely be less than $1000. The parties have not identified any related litigation, either in this district or elsewhere. There are no other potential plaintiffs clamoring to control the prosecution of this action. Such lack of interest suggests that few individuals believe the

amount at issue justifies the time and expense of litigation. Thus, a class action compiling all the small monetary claims into one large claim may be the only recourse available to those allegedly injured by defendant's conduct.[4]

The Court must also consider "the likely difficulties in managing a class action" in this litigation. The most troublesome aspect of this litigation will likely be the simultaneous prosecution of three separate claims (breach of contract, breach of fiduciary duty, and CPA) related to three separate fees (recording, wire/express, and reconveyance). Each claim has its own statute of limitations, elements, and remedies, that will likely apply to each of the challenged charges in a slightly different way. These problems, however, are not a product of the class action: they would have to be overcome even if this were an individual claim brought by plaintiff. As far as the class action goes, it may become necessary in the future to define additional sub-classes to ensure that individual statutes of limitation issues do not overwhelm the common questions or to conduct individual or sub-class proceedings to ascertain certain types of damages. While somewhat cumbersome, litigation involving a representative plaintiff is decidedly more manageable than extensive joinder or the filing of numerous separate lawsuits in various courts. And, if plaintiff's allegations are true, a class action may be the only practical means of providing a remedy to members of the class. Overall, the Court is convinced that class treatment of this litigation is superior to any other alternatives.

**3. Other Concerns**

Defendant also argues (a) that the proposed recording and reconveyance fee classes are improper because the parties will have to pull escrow files and review documents to determine who is a member and (b) that the wire/express fee class is overbroad. Although members of the recording and reconveyance fee classes are not readily identifiable by third

---

[4] The desirability of centering this action in the Western District of Washington does not appear to be in dispute.

ORDER GRANTING MOTION
FOR CLASS CERTIFICATION          -8-

parties, whether a person falls within or outside of the proposed classes is based on objective and clear standards. A review of defendant's escrow files and the relevant property records will enable the parties to identify potential class members. It would be ironic if plaintiff's attempt to narrow the class definitions to include only those who suffered direct financial injury should preclude class certification. Had plaintiff sought certification of all persons who were charged a recording or reconveyance fee, defendant would undoubtedly have raised an overbreadth objection as it has done with regards to the proposed wire/express class.

Defendant's challenge to the proposed wire/express class fares no better. Defendant argues that, because it sometimes paid more in wire and express costs than it actually charged at closing, a class that includes all persons who paid a wire/express fee would include people who suffered no financial injury and therefore cannot maintain a breach of contract or CPA claim. As discussed above, however, class members may also seek disgorgement as a remedy for a breach of fiduciary duty. If defendant is unable to support its claimed expenses, all borrowers who paid wire/express fees, regardless of whether they suffered actual damages, may be entitled to relief.

For all of the foregoing reasons, plaintiff's motion for class certification is GRANTED. It is hereby ORDERED that the following classes are certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

> Class 1: All persons who were charged wire/express fees by defendant at any time during the period that began six years prior to August 18, 2009, through trial.

> Class 2: All persons who were charged fees for the costs of recording their deeds of trust that were in excess of the actual cost to defendant at any time during the

period that began six years prior to August 18, 2009, through trial.

Class 3: All persons who were charged a reconveyance fee by defendant at any time during the period that began six years prior to August 18, 2009, through trial and whose old deeds of trust were reconveyed by their former lender within 60 days after completion of the escrow.

Dated this 26th day of March, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge