UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
KAREN TAVENNER, on behalf of herself ) No. C09-1370RSL
and all others similarly situated,  )
                                    )
                Plaintiff,           )
       v.                            )
                                    ) ORDER REGARDING CLASS
THE TALON GROUP,                    ) NOTICE
                                    )
                Defendant.           )
_____)

This matter comes before the Court on "Defendant's [Proposed] Class Notice Plan" (Dkt. # 117) and "Plaintiff's Motion for Order Approving Class Notice and to Require Defendant to Pay Costs of Giving Class Notice" (Dkt. # 119).[1] On March 26, 2012, the Court certified three classes in the above-captioned matter pursuant to Fed. R. Civ. P. 23(b)(3):

Class 1: All persons who were charged wire/express fees by defendant at any time during the period that began six years prior to August 18, 2009, through trial.

Class 2: All persons who were charged fees for the costs of recording their deeds of trust that were in excess of the actual cost to defendant at any time during the period that began six years prior to August 18, 2009, through trial.

Class 3: All persons who were charged a reconveyance fee by defendant at any time

---

[1] The Court finds that this matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER REGARDING CLASS NOTICE

      during the period that began six years prior to August 18, 2009, through trial and whose old deeds of trust were reconveyed by their former lender within 60 days after completion of the escrow.

The case was stayed until the end of June while defendant unsuccessfully sought permission to appeal the certification order. Plaintiff filed a motion for summary judgment on August 16, 2012.

      Defendant argues that notice regarding this litigation must be sent to the class and absent class members must be given an opportunity to opt out before the Court decides plaintiff's summary judgment motion (which became ripe for consideration on September 21). To do otherwise, defendant argues, would allow class members to obtain the benefits of a favorable ruling by opting in, while avoiding the impact of a negative ruling by opting out. Defendant has an interest in seeing the entire plaintiff class bound by *res judicata* just as it will be bound. Dkt. # 126 at 5 (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 805 (1985)). Defendant offers to produce to plaintiff data generated from its electronic storage systems, which plaintiff can then use to identify persons who fall within each of the three classes. Citing the "usual rule . . . that a plaintiff must initially bear the cost of notice to the class," defendant proposes that plaintiff pay for an experienced third-party class action notice administrator and the printing, mailing, and publication of the notice. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 178 (1974).

      Plaintiff, on the other hand, urges the Court to "anticipate" that she will prevail on the merits of her summary judgment and order defendant to bear the costs of notification. Dkt. # 119 at 3. Plaintiff offers no authority or argument in support of her proposal that the Court pre-judge the merits of her claims. Contra Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 363 (1978) ("A bare allegation of wrongdoing . . . is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case."). In the alternative, plaintiff requests that the Court postpone class notice until after the dispositive motion has been resolved.

ORDER REGARDING CLASS NOTICE      -2-

Dkt. # 120 at 2. While the Court clearly has discretion to determine the course of these proceedings, including the order in which discovery, notice, and dispositive motions will occur, the Supreme Court has indicated a preference for sending notice before the merits of the case are adjudicated. Am. Pipe and Constr. Co. v. Utah, 414 U.S. 538, 547-49 (1974) (noting that prior rule permitting "one-way intervention" was unfair and concluding that "potential class members retain the option to participate in or withdraw from the class action only until a point in the litigation 'as soon as practicable after commencement' of the action when the suit is allowed to continue as a class action and they are sent notice of their inclusion with the confines of the class. Thereafter they are either nonparties to the suit and ineligible to participate in a recovery or to be bound by a judgment, or else they are full members who must abide by the final judgment, whether favorable or adverse."). See also 7AA Charles Alan Wright, et al., Federal Practice and Procedure § 1788 (3d. ed. 1998) ("As was stated in an earlier section, the question of when the notice is given directly relates to the ability to assure that the absentees' rights are fully protected. Thus, notice must be sent long before the merits of the case are adjudicated."). The Court will not, therefore, further delay notice to absent class members simply because plaintiff hopes to obtain judgment in her favor and avoid incurring costs.[2] Such a procedure would resurrect a "recurrent source of abuse" found in the pre-1966 version of Rule 23, namely that:

> [M]embers of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests. If the evidence at the trial made their prospective position as action class members appear weak, or if a judgment precluded the possibility of a favorable determination, such putative members of

---

[2] Once defendant's liability is established, it may be appropriate to shift any remaining notice costs to defendant and/or to require reimbursement of costs incurred up to that point. Hunt v. Imperial Merchant Servs., Inc., 560 F.3d 1137, 1143 (9th Cir. 2009) (citing 3 William B. Rubenstein, et al., Newberg on Class Actions § 8:6 (4th ed. 2007)). Should the pending motion for summary judgment be decided in plaintiff's favor, plaintiff may seek a reallocation of the tasks and costs described below.

> the class who chose not to intervene or join as parties would not be bound by the judgment. This situation - the potential for so-called 'one-way intervention' - aroused considerable criticism upon the ground that it was unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one.

Oppenheimer, 414 U.S. at 547.

Having determined that notice should be sent to the absent class members without delay, the Court turns to the content and procedure of notice. The parties agree that individual notice is necessary, that defendant will produce to plaintiff data generated from its electronic storage systems, that a website should be maintained regarding this litigation, and that a third-party class action notice administrator should be hired to initiate and track the notice process.

The parties disagree regarding the amount of effort that should be expended identifying persons who are actually members of at least one of the three certified classes. Plaintiff initially argued that notice of this lawsuit and an opportunity to opt out should be provided to all Talon customers from August 2003 to the present, despite the probability that some of these individuals did not pay any of the three challenged fees. Plaintiff subsequently agreed to limit the recipient list to all Talon customers who paid one or more of the fees in question during the class period. Defendant argues that the more limited list is still too broad in that not everyone who was charged a recording or reconveyance fee paid in excess of the actual charges. Defendant therefore wants plaintiff to search county recorder's records to identify with precision those Talon customers who are members of Classes 2 and 3.

A review of the record, including the evidence presented in the context of the class certification motion, suggests that some further refinement of the notice lists can be accomplished with an economy of effort and expense. With regards to Class 1, anyone who was charged wire/express fees is a member of the class and notice to all such persons is appropriate. With regards to Class 2, defendant shall produce not only the name and address of customers who were charged a recording fee, but also the amount of the fee charged, the amount stated on

ORDER REGARDING CLASS NOTICE        -4-

the estimated HUD-1, the county in which the deed was recorded, and the date of recording. Plaintiff shall identify and send notice to those customers for whom the Estimated and Final HUD-1 recording fees were exactly the same.[3]  With regards to Class 3, a sample of defendant's files showed that 80% of people who paid a reconveyance fee had their deeds of trust reconveyed by their former lender within 60 days after completion of the escrow.  In addition, plaintiff has asserted two kinds of claims related to the reconveyance fee, one of which is based on the fact that defendant never provided the promised reconveyance services, but rather simply monitored a third-party's activity.  In light of this unresolved claim, notice to all persons who paid for reconveyance services is justified.

The Court finds that the following procedure will provide the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, in this action:

On or before October 5, 2012, plaintiff shall provide to Talon a proposed notice that complies with the requirements of Rule 23(c)(2)(B).[4]  The parties shall diligently and in good faith negotiate the form of notice. Between the date of this order and October 26, 2012, plaintiff shall retain an experienced class action notice administrator to assist her with (i) the mailing of the notices; (ii) publication in a weekend edition of the Seattle Times; (iii) updating mail addresses provided by defendant through the National Change of Address system; (iv) creating and maintaining a website related to this litigation; (v) receiving and preserving requests for exclusion from the class; (vi) maintaining a list of opt outs; and (vii) reporting to the

---

[3] If defendant is unable to provide the Estimated and Final HUD-1 forms, plaintiff shall send notice to all customers who paid recording fees during the class period. Although this notice would reach individuals who may not, in fact, be part of Class 2, over-inclusive notice at this stage of the litigation is a better option than under-inclusive notice or requiring either party to incur the expense of searching county records for every Talon customer since 2003.

[4] The proposed notice presented with plaintiff's motion (Dkt. # 119-1) does not contain most of the information required by Fed. R. Civ. P. 23(c)(2)(B).

ORDER REGARDING CLASS NOTICE            -5-

parties and the Court as necessary.

On or before October 19, 2012, defendant shall search its electronic data storage systems and provide the following information to plaintiff:

- the name, mailing address, and, if available, the email address of persons charged a wire/express fee during the class period, along with the amount of the wire/express fee;
- the name, mailing address, and, if available, the email address of persons charged a recording fee during the class period, along with the amount of the recording fee and the date of recording;
- the name, mailing address, and, if available, the email address of persons charged a reconveyance fee during the class period, along with the amount of the reconveyance fee.[5]

Defendant shall also provide copies of the Estimated and Final HUD-1 forms for each potential class member by the same date.

On or before October 26, 2012, the parties shall submit a joint proposed notice for direct mailing for the Court's approval. The parties shall also provide a proposed notice to be published in the Seattle Times. If the parties are unable to come to agreement regarding the forms of notice, they shall identify portions of the notices on which they agree and present proposed language and argument regarding any contested provisions. The notices shall be noted for consideration on the Court's calendar for the same day.

On or before October 26, 2012, the plaintiff shall identify the notice administrator and provide a summary of the information and functions that will be presented on the website.

On or before November 19, 2012, plaintiff shall generate and provide to defendant

---

[5] To the extent the information identified is not available through defendant's electronic data storage systems, the parties shall discuss the contours of the systems and identify the data fields that would assist plaintiff in identifying class members in an efficient, economical manner.

a proposed mailing list, indicating to which class or classes each person belongs.  If defendant objects to the list, it shall file a motion by November 26, 2012.  Such objections will not delay the mailing and publication of notice.

On or before December 3, 2012, plaintiff shall cause the approved notice to be mailed by first-class mail and, where available, sent by email to members of the classes.  If a person is a member of more than one class, only one notice need be mailed and/or emailed to the member.

Between December 3, 2012, and December 16, 2012, plaintiff shall cause the approved publication notice to be published in the Seattle Times on one weekend day.

Class members will have sixty days to request exclusion from one or more of the classes.  Plaintiff shall file a list of all individuals who have opted out from one or more of the classes on or before February 7, 2013.

Dated this 27th day of September, 2012.

*(signature)*

Robert S. Lasnik
United States District Judge

ORDER REGARDING CLASS NOTICE             -7-