The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN TAVENNER, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>     Defendant. | NO. C09-1370 RSL<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL APPROVAL HEARING DATE |

   This matter came before the Court on the parties' joint motion for preliminary approval of a Settlement Agreement (the "Agreement") which, if finally approved by the Court, will resolve the above-captioned putative class action (the "Action").  The Court considered the motion, supporting declaration and the Agreement (attached as Exhibit A to the Declaration of Guy W. Beckett in Support of Joint Motion of the Parties for Preliminary Approval of Proposed Class Action Settlement) and considered the reasonableness of proceeding with the proposed Settlement.  Good cause having been shown, the Court now finds and rules as follows:[1]

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Agreement.

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING
DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL
APPROVAL HEARING DATE - 1
(NO. C09-1370 RSL)

# I. FINDINGS

1.       Preliminary certification for settlement purposes only of the Settlement Class defined in the Agreement is appropriate under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3). Potential class members will have the opportunity to opt out of the Settlement Class.

2.       The Settlement appears to be fair, reasonable and adequate and has been entered into in good faith.  Counsel have represented to the Court that the Settlement is the product of arm's-length, serious, informed, and non-collusive negotiations between Plaintiff's Counsel and Defendant's Counsel.  These negotiations took place following lengthy contested litigation, extensive discovery between the parties, additional exchange of information concerning the claims of the Settlement Class, and two full days of mediation with the Hon. William Cahill (Retired).  Plaintiff's Counsel and Defendant's Counsel are knowledgeable and experienced in class action litigation and in the subject matter involved in this case.

3.       Neither the fact of the Settlement nor the submission of the Agreement for court approval constitute, or shall be construed as, an admission of liability or responsibility on the part of The Talon Group ("Talon" or the "Settling Defendant"), which continues to deny all liability and disclaim all responsibility.

4.       A hearing is appropriate to consider whether or not to grant final approval of the Settlement, at which time the Court will hear from the parties and Settlement Class Members and will evaluate the proposed Settlement and the application of Plaintiff's Counsel for an award of attorney's fees, costs and expenses (the "Attorney's Award"), and the Class Representative's service award ("Class Representative's Service Award").  Holding the Final Approval Hearing on **April 10, 2014**, will allow sufficient time for Settlement Class Members to receive notice of and object to the Settlement and for Settlement Class Members to opt out of the Settlement Class, if they so desire.

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING
DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL
APPROVAL HEARING DATE - 2
(NO. C09-1370 RSL)

5.      The plan for notifying class members ("Notice Plan") set forth in the Agreement comports with all of the requirements of Fed. R. Civ. P. 23 and federal standards of constitutional due process as the best notice practicable under the circumstances of this case. The Notice Plan provided in the Agreement and the proposed Settlement Notice and Website Notice will provide the Settlement Class members with the information necessary to make an informed decision regarding their participation in the Settlement.  The Notice Plan is accurate and informative regarding the Settlement and defenses asserted in the Action, and the reasons for and the terms of the Settlement.  The Notice Plan provided in the Agreement should be approved, the Settlement Notice attached as Exhibit E to the Settlement Agreement should be distributed to the Settlement Class, and the Website Notice attached thereto as Exhibit F should be posted on a website created by the Settlement Administrator and made available to Settlement Class members upon request to the Settlement Administrator.

## II.  ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This action is conditionally and preliminarily certified, for settlement purposes only, as a class action pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) with a Settlement Class defined as:

All persons who:

(1)      paid a recording fee for recording any type of document, including deeds of trust and all other documents; (2) to Talon; (3) where the recording fee was in excess of the actual cost to Talon; (4) in a Washington real estate transaction; (5) that closed between August 18, 2003 and the date of entry of the Preliminary Approval Order; OR

(1)      paid a wire/express fee; (2) to Talon; (3) in a Washington real estate transaction; (4) that closed between August 18, 2003 and the date of entry of the Preliminary Approval Order; OR

(1)      paid a reconveyance fee; (2) to Talon; (3) where the old deed of

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING
DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL
APPROVAL HEARING DATE - 3
(NO. C09-1370 RSL)

trust was reconveyed by the former lender within 60 days after completion of the escrow; (4) in a Washington real estate transaction; (5) that closed between August 18, 2003 and the date of entry of the Preliminary Approval Order.

The Settlement Class does not include all Opt Outs.  If for any reason the Agreement is not approved or the Effective Date does not occur, this provisional appointment and certification shall be null and void and shall not be used or referred to for any purpose in this Action or in any other action or proceeding.

2.      For purposes of holding the Final Approval Hearing regarding the final approval of the proposed Settlement, Plaintiff is appointed as Class Representative and Berry & Beckett PLLP, and Williamson & Williams are hereby appointed as counsel for the Settlement Class.

3.      Pending a final determination on whether the Settlement should be approved, neither Plaintiff nor any Person in the Settlement Class shall commence, maintain or prosecute any action or proceeding other than the Action asserting any of the claims subject to the Agreement.  All proceedings in the Action, except those relating to approving the Settlement, are stayed and all current case deadlines in the Action are stricken except as provided in this Preliminary Approval Order pending final determination of whether the Settlement should be approved.

4.      Tilghman & Co., P.C. is appointed to act as the Settlement Administrator.  The Settlement Administrator's and the Settling Defendant's respective obligations with respect to the distribution of the Class Notice, the posting of the Website Class Notice, the Awards, and the payment of Qualified Claims, the Attorney Fee Award, and the Class Representative's Service Award, shall be performed reasonably and in good faith.

5.      Within thirty (30) calendar days from the date this Preliminary Approval Order is entered, the Settlement Administrator shall mail to the Settlement Class Members on the Mailing

List the Settlement Notice. Proof of mailing of the Settlement Notice as provided above shall be filed at or prior to the Final Approval Hearing.  The mailing and the form of the Settlement Notice, and the posting of the Website Notice are hereby authorized and approved, and satisfy the Agreement, the notice requirements of Fed. R. Civ. P. 23 and federal constitutional due process as the best notice practicable under the circumstances.

6.     Class Counsel shall file with the Court and serve on counsel for the Settling Defendant the application for final approval of the Settlement no later than fourteen (14) court days before the Final Approval Hearing.  So that Class Members may object to the request for attorney fees to be made by Class Counsel, the petition for approval of those fees will be posted to the Notice website and filed with the Court no later than thirty (30) days before the deadline for submitting objections to the settlement.

7.     Any Person in the Settlement Class may request exclusion by mailing or delivering a Request for Exclusion that satisfies the requirements of the Agreement to the Settlement Administrator within 45 days of the mailing of the Settlement Notice.   The Settlement Administrator shall email .pdf copies of each Request for Exclusion to Plaintiff's Counsel and Defendant's Counsel within ten (10) days of receiving such Request for Exclusion.

8.     Any Person in the Settlement Class who becomes an Opt Out by properly and timely exercising the right to be excluded from the Settlement Class will not (i) be bound by any judgment entered in the Action in connection with the Settlement, including, without limitation, the Final Approval Order, (ii) be entitled to relief or be affected by the Settlement, (iii) gain any rights by virtue of the Settlement, or (iv) be entitled to object to any aspect of the Settlement. Each Person in the Settlement Class who does not submit a timely and properly completed and executed Request for Exclusion shall be a Settlement Class Member, and shall be bound by the terms of the Agreement and the Final Approval Order, if Final Approval and the Effective Date

occur, whether or not such Settlement Class Member receives an Award under the Settlement. The Final Approval Order shall have attached to it a schedule of the Opt Outs.

9.      Settlement Class Members who do not enter an appearance through their own attorneys will be represented at the Final Approval Hearing by Plaintiff as class representative and by Plaintiff's Counsel as counsel for the Settlement Class.

10.      **The Court will conduct the Final Approval Hearing pursuant to Fed. R. Civ. P. 23 at 8:30 a.m., on April 10, 2014  in the Courtroom of Judge Robert S. Lasnik of the United States District Court for the Western District of Washington in Seattle**, to determine (a) whether the proposed Settlement, on the terms and conditions set forth in the Agreement, is fair, reasonable and adequate, (b) whether the Agreement should be finally approved by the Court, including whether the Settlement Notice has been distributed according to this Preliminary Approval Order, (c) whether the Action should be dismissed on the merits, with prejudice, (d) whether to grant or overrule any objections to the Settlement, the Agreement, the Attorney Fee Award or the Class Representative's Service Award, (e) to consider Plaintiff's Counsel's application for an Attorney Fee Award and Class Representative's Service Award, and (f) to consider whether the Final Approval Order should be entered.  The Final Approval Hearing may be continued from time to time without further notice to the Settlement Class.

11.      Any Settlement Class Member may appear at the Final Approval Hearing and object to the Settlement or the application of Plaintiff's Counsel for the Attorney Fee Award or the Class Representative's Service Award.  For any objection to be considered at the Final Approval Hearing, the objecting Settlement Class Member (a) must not be an Opt Out, and (b) must file a statement with the Clerk of this Court at least seven (7) days before the Final Approval Hearing setting forth the specific grounds for objection and attaching any supporting papers the Settlement Class Member desires the Court to consider (collectively, the "Objection).

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING
DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL
APPROVAL HEARING DATE - 6
(NO. C09-1370 RSL)

12.     This Order is without prejudice to the Settling Defendant's right to contest all

issues in the Action including (without limitation) all issues under Fed. R. Civ. P. 23 relating to

the certification of a class, if the Settlement is terminated, is not approved, or the Effective Date

does not occur for any reason.  The certification of the Settlement Class is conditional and

preliminary, solely for purposes of settlement, and is not a concession by the Settling Defendant

on the merits of the Action or the existence of any certifiable class in this Action.

13.     If the Settlement is terminated, is not approved, or the Effective Date does not

occur for any reason, this Order shall be rendered null and void and the parties shall return to

their respective litigation positions as of the date immediately prior to its entry; provided,

however that a new case schedule shall be set by the Court.

IT IS SO ORDERED.


Dated this 16th day of December, 2013.


_MWS Lasnik_
Robert S. Lasnik
United States District Judge

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING
DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL
APPROVAL HEARING DATE - 7
(NO. C09-1370 RSL)