The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN TAVENNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE TALON GROUP, A DIVISION OF FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendant. | NO. C09-1370 RSL<br><br>ORDER, JUDGMENT AND DECREE GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, APPROVING ATTORNEY FEE AWARD, APPROVING CLASS REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING CLAIMS WITH PREJUDICE |

## I. FINDINGS OF FACT

1. On August 18, 2009, Plaintiff Karen Tavenner ("Plaintiff" or "Tavenner") filed this putative class action (the "Action") against The Talon Group ("Talon"), on behalf of persons who had been escrow customers of Talon in the State of Washington alleging that Talon charged them escrow fees and expenses (the "Fees") that were not permitted.

2. On September 28, 2009, Talon removed the Action to this Court.

3. On November 23, 2009, Plaintiff filed her First Amended Complaint (Dkt. #19).

4. Talon denies Plaintiff's allegations in the Action and contends, among other things, that (1) the Fees were permitted in connection with the closings, (2) were authorized and voluntarily paid by the escrow customers, (3) the manner of charging, disclosing and requesting payment of the Fees was not unfair or deceptive and did not have the capacity to deceive or mislead escrow customers, (5) no class should be certified in the Action, and (6) it would prevail

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 1
(NO. C09-1370 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

in the Action if it proceeded.

5. Talon has identified approximately 90,191 Class Members who paid the Fees from August 18, 2003 to December 16, 2013.

6. On March 26, 2012, the Court certified the following classes:

> Class 1: All persons who were charged wire/express fees by defendant at any time during the period that began six years prior to August 18, 2009, through trial.
>
> Class 2: All persons who were charged fees for the costs of recording their deeds of trust that were in excess of the actual cost to defendant at any time during the period that began six years prior to August 18, 2009, through trial.
>
> Class 3: All persons who were charged a reconveyance fee by defendant at any time during the period that began six years prior to August 18, 2009, through trial and whose old deeds of trust were reconveyed by their former lender within 60 days after completion of the escrow.

(Dkt. #99).

7. On September 27, 2012, the Court entered its Order (Dkt. #130) approving a plan for notices to members of the certified classes of the pendency of the Action. On October 29, 2012, the Court entered its Order (Dkt. #134) approving the notices to be delivered to Class Members. Plaintiff complied with all provisions of the Order approving the plan for dissemination of notices to Class Members of the pendency of this Action.

8. The notice to Class Members of the pendency of this Action provided an opportunity for Class Members to request exclusion from the Class. Forty-two members of the Class submitted timely requests for exclusion from the Class.

9. The parties have engaged in contested litigation and have exchanged substantial information about the facts underlying Plaintiff's claims and the claims of the Settlement Class Members. They have conducted extensive, arm's-length settlement discussions over the terms of the Settlement Agreement, including providing pre-mediation submissions and engaging in two days of mediation with the Hon. William Cahill (Retired).

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 2
(NO. C09-1370 RSL)



Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

10. Based upon extensive analysis of the facts and the law applicable to Plaintiff's claims, and taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals and the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff and Plaintiff's Counsel have concluded that the Settlement Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of the Settlement Class.

11. Although Talon denies the assertions by Plaintiff in the Action, and denies any wrongdoing or liability to Plaintiff or the putative class of any kind, Talon has concluded that the Settlement Agreement is in its best interests to avoid the time, expense and management distraction of defending potentially protracted litigation.

12. This Court previously considered Plaintiff's motion for preliminary approval of the Settlement Agreement, together with supporting materials, including the Settlement Agreement, the Notice Plan, and the proposed Class Notice. On December 16, 2013, this Court entered its Order Preliminarily Approving Class Action Settlement, Striking Case Deadlines, Authorizing Distribution of Class Notice and Setting Final Approval Hearing (the "Preliminary Approval Order"). Among other things, the Preliminary Approval Order approved and directed the distribution of the Class Notice regarding the Settlement Agreement, set deadlines for the filing of requests for exclusion and objections, and set the date for the Final Approval Hearing.

13. The Parties and the Settlement Administrator have submitted declarations and exhibits demonstrating that they have complied with all of the requirements of the Preliminary Approval Order concerning the distribution of the Class Notice to the Settlement Class.

14. On January 29, 2014, Plaintiff's Counsel filed and posted to a website accessible by Settlement Class Members a petition seeking an Attorney Fee Award and Class

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 3
(NO. C09-1370 RSL)



Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Representative's Service Award. On March 21, 2014, Plaintiff's Counsel filed a motion seeking final approval of the Settlement Agreement.

15. On April 10, 2014, this Court held the Final Approval Hearing to consider, among other things, whether to grant final approval to (a) the Settlement Agreement, (b) Plaintiff's Counsel's application for the Attorney Fee Award and the Class Representative's Service Award, and (c) the entry of this Final Approval Order.

16. Having read, reviewed and considered the papers filed with this Court, the oral arguments of counsel, and the written and oral objections and comments of all those who appeared at the Final Approval Hearing, and based on the entire record in the Action, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be finally approved.

## II. ORDER, JUDGMENT AND DECREE

The Court having considered the record in the Action, the materials submitted in connection with the Preliminary Approval Motion, the materials submitted in connection with the motion for final approval of the Settlement Agreement and good cause having been shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. This Court has subject matter jurisdiction over the claims asserted in this proceeding including the Settled Class Claims, has personal jurisdiction over the settling parties (including the Persons in the Settlement Class), and subject matter jurisdiction to approve the Settlement.

2. As demonstrated by declarations, the parties have complied with the terms of the Preliminary Approval Order regarding the Notice Plan. Notice given to the Settlement Class was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material terms of the Agreement, their opportunity to exclude themselves from the

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 4
(NO. C09-1370 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Settlement Class, to object to or to comment on the Settlement Agreement, and to appear at the Final Approval Hearing. The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all members of the Settlement Class, and complied fully with the Federal Rules of Civil Procedure and federal constitutional due process, and any other applicable rules of the Court. Settlement Class Members were provided a full opportunity to participate in the Final Approval Hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Settlement Class, except those who have timely and properly excluded themselves from the Settlement Class, are bound by the Agreement and this Final Approval Order.

3. The Opt Outs are identified on a list filed as Exhibit A to this Order. The Opt Outs are not bound by the Agreement or this Final Approval Order.

4. The Settlement Class (as defined in the Preliminary Approval Order) is granted final certification for purposes of the Settlement.

5. The Court hereby grants final approval to the Settlement Agreement and finds that it is fair, adequate and reasonable, and in the best interests of the Settlement Class as a whole. The parties entered into the Settlement Agreement after contested litigation and in good faith after extensive, non-collusive and arm's-length negotiations, including two days of mediation with a knowledgeable retired judge. The Court has considered and overrules all of the filed objections, if any.

6. Neither this Final Approval Order nor the Settlement Agreement is an admission or indication by the Parties of the validity or invalidity of any claims in the Action or of any liability or wrongdoing. This Final Approval Order and the Settlement Agreement are not a concession, and neither of them shall be used as an admission or indication with respect to any

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 5
(NO. C09-1370 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

claim of any wrongdoing, fault or omission by any Party or any other person in connection with any transaction or occurrence or any statement, release or written document issued, filed or made.

7. Plaintiff and all Settlement Class Members shall be and hereby are conclusively deemed to have fully, finally, and forever released and discharged the Released Parties from the claims released pursuant to the Settlement Agreement. This release is binding and effective on each Settlement Class Member and any of their predecessors, successors, partners, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, marital communities, heirs, executors, trustees, and administrators.

8. Plaintiff and all Settlement Class Members are hereby barred and permanently enjoined from prosecuting, commencing or continuing any proceedings against the Released Parties concerning claims released pursuant to the Settlement Agreement.

10. Without affecting the finality of this Final Approval Order, the Court reserves continuing jurisdiction over the Parties to the Agreement and the Settlement Class, to administer, supervise, construe and enforce the Agreement in accordance with its terms.

11. The Settlement Agreement is approved and expressly incorporated herein by this reference. The parties shall consummate the Settlement Agreement according to its terms.

12. Without prejudice to the Opt Outs, this Action is dismissed with prejudice and without an award of costs or fees to any party except as provided below.

14. Plaintiff's Counsel's request for the Attorney Fee Award, is approved in the amount of $ 900,000, which includes their litigation costs and all costs and expenses associated with and for notice to Class Members and for the Settlement Administrator. Talon shall pay the Attorney Fee Award pursuant to the provisions of the Settlement Agreement, by delivering a check payable to the Trust Account of Beckett Law Offices, PLLC.

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 6
(NO. C09-1370 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

15. Plaintiff's Counsel's request for the Class Representative's Service Award is approved in the amount of $10,000 for Karen Tavenner. Talon shall pay the Class Representative Plaintiff Award pursuant to the provisions of the Settlement Agreement, by delivering a check payable to Plaintiff to Williamson and Williams.

16. The Settlement Administrator shall calculate the amount payable to each Claimant with a Qualified Claim as provided in Paragraph III(A)(2) of the Agreement. Talon shall deliver sufficient funds to the Settlement Administrator to permit it to mail Award checks to each Claimant with a Qualified Claim within thirty (30) calendar days after the Effective Date.

17. Talon shall provide the coupons to the Settlement Administrator for distribution to Claimants as provided in Paragraph III(A)(3) in sufficient time to permit the Settlement Administrator to mail coupons to Class Members entitled to receive them within thirty (30) days after the Effective Date.

18. If the Settlement does not become effective as provided in the Agreement, then this Final Approval Order shall be rendered null and void and shall be vacated. In such event, all orders entered in connection with the Settlement (including, without limitation, the Preliminary Approval Order) shall be vacated and the Parties shall return to their respective litigation positions as of the date immediately preceding the entry of the Preliminary Approval Order. The Parties shall jointly request the Court to hold a scheduling conference for the purpose of establishing a new case schedule.

IT IS SO ORDERED.

DATED this 10th day of April, 2014.

_____
Hon. Robert S. Lasnik

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 7
(NO. C09-1370 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

**Submitted by:**

BERRY & BECKETT, PLLP

_____
Guy W. Beckett, WSBA No. 14939
Co-Counsel for Plaintiff

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 8
(NO. C09-1370 RSL)



Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

# EXHIBIT A

## OPT OUTS FROM SETTLEMENT

1. Edward Eleazer and Maya Caldwell Eleazer
   431 Index Avenue
   Index, WA 98256

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL, APPROVING FEE AWARD, APPROVING CLASS
REPRESENTATIVE AWARD AND DISMISSING CLAIMS
WITH PREJUDICE - 9
(NO. C09-1370 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346